FOIL, Judge.
The Louisiana Insurance Guaranty Association (LIGA) appeals from a judgment denying its motion to set aside a default judgment. We reverse.
FACTS
Plaintiff, Rodney Duplantis, filed a petition for damages allegedly sustained in an automobile accident on April 19, 1990. He filed suit against the other driver, Milton McGuire, Jr., and his liability insurer, Dixie Lloyd’s Insurance Company. On November 16, 1990, plaintiff obtained a default judgment against the two defendants. On December 20, 1990, Dixie Lloyd’s was declared insolvent and the Louisiana Insurance Guaranty Association (LIGA) became the company’s guarantor. On April 15, 1991, LIGA filed a motion to set aside the November 16, 1990, default judgment against defendants. After a hearing, the trial court denied the motion on July 1, 1991. LIGA appeals that judgment, claiming that the trial court committed an error of law in refusing to set aside the default judgment.
LAW
La.R.S. 22:1392 B provides that LIGA may apply to set aside a default judgment rendered against an insolvent insurer. The statute reads as follows:
B. As to any covered claims arising from a judgment under any decision, verdict, or finding based on the default of the insolvent insurer or its failure to defend an insured, the association either on its own behalf or on behalf of such insured may apply to have such judgment, order, decision, verdict, or finding set aside by the same court or administrator that made such judgment, order, decision, verdict, or finding and shall be permitted to defend against such claim on the merits.
In oral reasons, the trial court stated that the motion was denied because at the time the default judgment was obtained, the insurer had not yet been declared insolvent. On appeal, LIGA contends that it is entitled to set aside the default judgment in order to protect its rights. It claims that the law allows it the opportunity to defend against claims on their merits. Otherwise, an insurer in financial straits might fail to properly handle lawsuits filed against it, resulting in default judgments being rendered. LIGA asserts that La.R.S. 22:1392 B was enacted to protect the association from being obligated to respond on behalf of claimants and/or insureds as a result of default judgments. We agree. The statute does not specify that the insurer be declared insolvent prior to rendition of a default judgment. Accordingly, the trial court’s judgment refusing to set aside the default judgment of November 16, 1990, is hereby reversed and the case is remanded to the trial court for further proceedings. Costs of this appeal are assessed to plaintiff-appellee, Rodney Duplantis.
REVERSED AND REMANDED.